### DAVIS vs. FITZMANVILLE, Administrator, &c.

Where the Defendant pleaded in abatement *ne unques administrator*, without an affidavit of verification, *held*, that the plaintiff might either enter the Defendant's default, or move to set aside the plea. The retaining such a plea by Plaintiff, is no answer to a motion to set it aside, because, the original affidavit to a plea in abatement is *filed*—not *served* as in certain cases of pleas in bar; and a party always has the right to move to set aside a paper improperly filed.

Such a plea, though in form a plea in abatement, is not of that kind of dilatory pleas disfavored by the court. (*Vermilya* v. *Beatty*, 2 Howard's Pr. R., 57.)

*September Special Term,* 1847. *Erie county.*—Defendant pleaded in abatement *ne unques administrator*, but did not verify the plea in the form required by the statute, and the Plaintiff for this reason moved to set it aside.

The defendant insisted, that by omitting to return the plea, Plaintiff waived the irregularity.

DOOLITTLE, *for Deft.*

THAYER, *for Plff.*

SILL, Justice.—If a plea in abatement is not properly verified, the Plaintiff may either enter the Defendant's default or move to set the plea aside. (Graham's Pr., 2d ed., 230; *Richmond* vs. *Tallmadge*, 16 John. R., 312; 1 Chitty's Pleadings, 497; 1 Dunlap's Pr., 443; 1 Str., 638.) In 16 John. it is said, the motion to set aside is the more modern practice. Under the rules of the court permitting the Plaintiff to disregard a plea in bar to a declaration on a written instrument, in certain cases, unless an affidavit verifying the plea is served, the court have decided that, if he intends to disregard it, the paper must be returned. Even if it were settled in the latter class of cases, (which I do not understand to be so) that the attorney for the Plaintiff shall at his peril decide on the sufficiency of every affidavit, by receiving the plea or returning it; this would not be an answer to this motion. Pleas in abatement, and the original affidavit are *filed*. In the other cases referred to the original affidavit must be *served*. And a party always has the right to move to set aside a paper improperly put on file. The proceeding being irregular the motion is properly made.

This though in form a plea in abatement is not of that kind of dilatory pleas disfavored by the court. (*Vermilya* vs. *Beatty and wife, executors*, 2 Howard's Special Term Reports, 57.)

The Defendant is therefore at liberty, on payment of the costs of this motion, to file and serve an affidavit verifying the plea. In that case, motion denied, otherwise, granted with costs.